```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 06-20219-cr-HUCK
                          MAGISTRATE JUDGE P. A. WHITE
UNITED STATES OF AMERICA,  :

     Movant,               :

v.                         :       **REPORT OF
                                   MAGISTRATE JUDGE**
CLAUDIO MORALES,           :

     Respondent.           :
_____
```

This Cause is before the Court upon an order of reference of Claudio Morales' "Motion to Revisit and Reconsider his conviction and Sentencing Judgement pursuant to the Law of Case Doctrine" (CR DE#127) filed on June 17, 2013. The motion was referred to the Undersigned on July 19, 2013.

In the motion, the movant attacks his sentence entered on August 14, 2006, following a guilty plea. In this case, because the criminal motion raises multiple issues regarding his sentence, it is in legal effect a motion to vacate pursuant to 28 U.S.C. §2255.

Construing this pleading as a §2255 motion to vacate, and addressing it on the merits would preclude the movant from properly filing a §2255 motion to vacate in the future, absent the requisite authorization to proceed with a successive petition. Because of substantial fairness concerns, the Eleventh Circuit has suggested that district courts warn petitioners of the consequences of recharacterizing their motions as § 2255 petitions, holding that a district court should not "extinguish the petitioner's one clear chance at habeas relief under the AEDPA" without the petitioner's informed consent." Castro v. United States, 290 F.3d 1270, 1274 (11 Cir. 2002).

An order was entered pursuant to the dictates of Castro, supra. (Cr-DE#133-134). The movant has filed a response thereto. (Cr DE#135). Specifically, he objects to the recharacterization of his criminal motion as a §2255 motion.

Clearly, because the petitioner was sentenced in 2006, he is precluded from filing a §2255 because it would be untimely pursuant to the AEDPA one-year statute of limitations. The movant does not wish to have his motion re-characterized, as his §2255 may well be time-barred.

Moreover, pursuant to Fed.R.Cr.P. 35(a), a motion to correct sentence must be filed within seven days from the date that sentence is imposed. Thus, even if the court were to consider the merits of this motion in the underlying criminal case, it lacks the requisite jurisdiction to do so. See United States v. McMahon, 225 F.3d 656, 2000 WL 1039473 (4th Cir. 2000).

It is therefore recommended that the motion be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 21st day of August, 2013.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE

cc:   Claudio Morales, Pro Se
      Reg. No. 76533-004
      FCI-Miami
      Address of record

      U.S. Attorney of record